## N. Y. COMMON PLEAS.

LAURA C. R. SEARING, appellant, agt. HENRY GOODSTEIN, respondent.

*District courts — Right to an execution against the person in actions in — Such right depends upon the nature of the action and not upon the manner of commencing it — Code of Civil Procedure, sections 3017 to 3022, 3209, 3220, 2895.*

Though under the district court acts there could be no execution against the person in an action in the district courts, unless the action had been commenced by warrants; since the enactment of the Code of Civil Procedure, which requires all actions to be begun by the service of summons, the right to a judgment making defendant liable to execution against his person depends upon the nature of the action, and not upon the manner of commencing it.

*General Term, January*, 1883.

THIS action was commenced in the district court of the city of New York for the fourth judicial district, by summons. Upon the return of the summons the plaintiff, by way of complaint, alleged that the defendant had converted to his own use certain property belonging to her. The defendant answered by a general denial. The cause being tried, the justice found in favor of the plaintiff for fifty dollars damages and twenty-two dollars and fifty cents costs and extra costs.

The counsel for the plaintiff thereupon requested the justice to insert in the judgment the words "defendant subject to arrest and imprisonment upon execution," which the justice refused to do, and to which refusal the plaintiff's counsel excepted.

The plaintiff thereupon appealed to this court.

*Edward W. Searing*, for appellant.

*William Rothchilds*, for respondents.

VAN BRUNT, *J.*— The question involved in this appeal is as to the right of the plaintiff herein to have inserted in the

judgment the words above mentioned, no warrant or order of arrest having been issued in the action.

In the case of *Glacius* agt. *Moldtz* it was expressly decided by the general term of this court, that under the district court act such words should not be inserted unless the action had been commenced by warrant; that as a defendant could only be arrested in an action commenced by a warrant, and as the action was commenced by a summons, no execution against the person could issue.

The repealing act, chapter 245 of the Laws of 1880, among other things has repealed section 10 of chapter 346 of the Laws of 1857, which provides that actions in district courts shall be commenced by summons, warrant or attachment, or by voluntary appearance in person, and pleading without summons, warrant or attachment; and the Code of Procedure, section 3209, has provided that actions in district courts must be commenced by voluntary appearance and a joinder of issue by the parties, or by the service of summons, thus limiting the manner in which actions may be commenced. Section 3220 provides that sections 3017 to section 3022 of this act, both inclusive, apply to a judgment rendered in a district court in the city of New York. Section 3018 provides if the action in which the judgment is rendered is one of the actions specified in subdivision first or second of section 2895 of this act, or if an order of arrest has been granted and has been executed in a case specified in subdivision third of that section, the justice must insert in such transcript given by him, as prescribed in the last section, the words " defendant liable to execution against his person."

Subdivision 1 and 2 of section 2895 of this act refer to actions to recover a fine or penalty, to recover damages for a personal injury, of which a justice of the peace has jurisdiction, an injury to property, including the willful taking, detention or conversion of personal property, &c. It therefore follows, from these provisions of the Code, that the manner of commencing an action does not determine the question

as to whether the plaintiff is entitled to have the clause in question inserted in the judgment, but that such right depends upon the nature of the action — a different rule prevailing under the district court act.

The cause of action in this case being for the wrongful conversion of personal property, is one of the actions specified in subdivision 2 of section 2895, and consequently the justice was bound to insert in the judgment the liability of the defendant to arrest upon execution.

The judgment must therefore be reversed, with costs.